**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 23-41-DLB

DAVID GOULD                                                  PETITIONER

v.                    **MEMORANDUM OPINION AND ORDER**

WARDEN, FCI ASHLAND                                RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

David Gould is an inmate confined at the federal prison in Ashland, Kentucky. Gould has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he requests release to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, enacted on March 27, 2020. (Doc. # 1). The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In June 2016 in Brunswick, Georgia, in exchange for the dismissal of 15 other criminal charges Gould pleaded guilty to two counts of possessing a machine gun in violation of 18 U.S.C. § 922(o), two counts of distribution of marijuana in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and one count of carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Gould was subsequently sentenced to 180 months imprisonment to be followed by three years of supervised release. *United States v. Gould*, No. 2: 16-CR-14-LGW-BWC-1 (S.D. Ga. 2016) (Doc. # 37, # 48 therein).

1

In May 2020, Gould filed a motion in the trial court requesting a reduction in sentence and/or release to home confinement pursuant to the CARES Act. The trial court distinguished the two remedies before denying relief:

> It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release. The BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541 - not the compassionate release provision of 18 U.S.C. § 3582(c) - to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. These statutes do not authorize a federal court to order the BOP to release a prisoner. *See United States v. Calderon*, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); *see also United States v. Lovelace*, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))). The Court will thus liberally construe Gould's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

(Doc. # 113 at 2-3 therein) (typographical error in original corrected). Denying his two motions for reconsideration, the trial court also noted that the medical records filed by Gould "tend to show that he is generally in good health." (Doc. # 127).

Gould's present petition renews his request for release to home confinement under the CARES Act. Gould asserts that he suffers from various medical conditions, including high blood pressure and difficulty breathing, both of which he treats with medication. He indicates that he has contracted COVID-19 twice, once before vaccinations were available and again after he received his second booster shot.[1] Gould again invokes the Attorney General's three-year old April 2020 memorandum which urged the BOP to

---

[1] The Bureau of Prisons' Inmate Locator website, https://www.bop.gov/inmateloc/, indicates that Gould is a white male, aged 47 years.

2

exercise its compassionate release authority "in appropriate circumstances." (Doc. # 1 at 5-6).² Gould also challenges the BOP's determination that his Section 924(c) conviction is for a violent offense, a ground it referenced to deny his request for relief under the CARES Act, and asserts that it has released other inmates convicted of the same offense. *Ibid*. Gould again asks the Court to place him in home confinement pursuant to the CARES Act. (Doc. # 1 at 8). Gould has attached documentation showing that he has exhausted his administrative remedies with the BOP, albeit only with respect to his argument that his Section 924(c) conviction is not for a violent offense. (Doc. # 1-1).

Numerous courts have addressed claims such as those asserted in Gould's petition, with the same result. Congress long ago granted the BOP, and only the BOP, the authority to determine where a prisoner is housed. *See* 18 U.S.C. § 3621(b). As part of that grant, Congress authorized the BOP to place an inmate in a community correction facility (or "halfway house") for up to 12 months at the end of his sentence, or in home confinement for up to six months. *See* 18 U.S.C. §§ 3624(c)(1), (2).

The CARES Act, passed at the onset of the coronavirus pandemic, expanded the BOP's authority for placement in home confinement by eliminating the maximum duration of such designations.³ *See Dudley v. Beard*, No. 0:21-CV-46-WOB, 2021 WL 2533030,

---

² The BOP superseded the original April 2020 Memorandum on April 13, 2021, establishing new criteria to assess an inmate's suitability for home confinement. *See* https://www.bop.gov/foia/docs/Home%20Confinement%20memo_2021_04_13.pdf (accessed April 5, 2023).

³ *See* CARES Act, Pub.L. 116-136, Div. B., Title II, § 12003(b)(2) ("During the covered emergency period ... [the BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement ... as the Director

3

at *3 (E.D. Ky. June 21, 2021).  However, courts have uniformly found that the authority to make such a placement still rests exclusively with the BOP, and district courts have no authority to order such a placement: "This Court has no authority to override that decision or to order the BOP to place Petitioner on home confinement under the CARES Act." *Johnson v. Williams*, No. 4:20 CV 1325, 2020 WL 7324763, at *1 (N.D. Ohio Oct. 22, 2020) (collecting cases).  See also *Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (same); *Bradley v. Hemingway*, No. 1:21-CV-10461, 2021 WL 2012839, at *3 (E.D. Mich. May 20, 2021) (same).

Other ancillary provisions reinforce this understanding.  For one, 18 U.S.C. § 3625 "expressly exempts the BOP's prisoner-placement and prerelease-custody decisions, including home confinement, from judicial review under the Administrative Procedures Act (APA)." *Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *4 (11th Cir. Feb. 6, 2023).  See also *Weatherspoon v. FCI Elkton Warden*, No. 4:22 CV 479, 2022 WL 2192942, at *2 (N.D. Ohio June 17, 2022) (same).  For another, "while 18 U.S.C. § 3624(c) (even as expanded under the CARES Act) authorizes that BOP to *consider* placing an inmate in home confinement, a prisoner is not automatically entitled, or guaranteed, such placement for any amount of time." *Dudley*, 2021 WL 2533030 at *4 (emphasis in original).  Consistent with this established authority, the Court concludes that Gould has not established that this Court possesses habeas jurisdiction to grant the relief he requests.

---

determines appropriate.").  The "covered emergency period" has been extended several times, and is currently set to expire in May 2023.

4

Lastly, assuming without deciding that the Court could review whether the BOP was correct when it concluded that Gould's Section 924(c) conviction was for a "violent" offense, the Court would deny relief.  The BOP's April 2021 Memorandum directed consideration of several factors when deciding whether to place an inmate in home confinement, among them whether the prisoner had a current or prior offense that was "violent, a sex offense, or terrorism-related."  *See* note 2 above.  Courts addressing the same argument Gould presses here begin by noting that "the CARES Act itself does not define which offenses are violent for purposes of assessing suitability for home confinement."  *Blocher v. Eischen*, No. 22-CV-678 (PJS/DTS), 2022 WL 17406549, at *4 (D. Minn. Nov. 3, 2022), *report and recommendation adopted,* No. 22-CV-678 (PJS/DTS), 2022 WL 17404447 (D. Minn. Dec. 2, 2022).  The BOP has filled that gap by relying upon its pre-existing policy documents governing the application of similar or identical statutory phrases.  Specifically, Section Two of BOP Program Statement 5162.05 (March 16, 2009) explains that the BOP uses various offense categorizations to determine an inmate's eligibility for certain programs or benefits, while Section Three categorizes a conviction under Section 924(c) as a "crime of violence" in all instances.

Gould challenges that determination, invoking the Supreme Court's decision in *Davis v. United States*, 139 S. Ct, 2319 (2019).  In *Davis*, the Supreme Court found that Section 924(c)(3)(B), the statute's "residual clause" defining a "crime of violence," was void for vagueness.  *Id*. at 2323-27.  But Gould has not succeeded - or even attempted - to invalidate his Section 924(c) conviction on that ground.  The BOP therefore may properly rely on his still-valid conviction when assessing his eligibility for relief under the CARES Act.

5

Further, several courts have noted that the vagueness concern animating the Supreme Court's decision in *Davis* is simply not relevant to BOP determinations under the CARES Act:

> The vagueness standard has been applied to statutes that define criminal offenses as well as statutes that fix the permissible sentences. *Id*. The CARES Act does neither. Rather, it permits the BOP to extend an inmate's period of home confinement under 18 U.S.C. § 3624(c)(2), while the authority to make the discretionary placement decision remains with the BOP. To the extent Blocher relies on these cases to suggest Respondent acted unlawfully, such reliance is misplaced. *See, e.g.,* [*Beckles v. United States*, 137 S. Ct. 886, 892, 894 (2017)] (holding the residual clause in Sentencing Guidelines was not subject to a vagueness challenge under the due process clause because, unlike ACCA, "the advisory Guidelines do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion" in choosing an appropriate sentence, and "also do not implicate the [underlying constitutional] concerns [of] providing notice and preventing arbitrary enforcement").

*Blocher*, 2022 WL 17406549, at *4. Courts have therefore consistently held that the Supreme Court's decision in *Davis* in no way undermines the BOP's consideration of a prisoner's past or present conviction for a violent offense as one factor among many when deciding suitability for home confinement under the CARES Act. *See Landes v. Bergami*, No. EP-20-CV-134-KC, 2020 WL 3184296, at *3 (W.D. Tex. June 15, 2020) (referencing *Davis* but noting that "whether a prisoner has a conviction for a crime of violence is not determinative of whether he may receive early release from prison under the First Step Act or the CARES Act."); *United States v. Urkevich*, No. 8:03-CR-37, 2020 WL 6825761, at *3 (D. Neb. Nov. 20, 2020) (rejecting habeas challenge to BOP's determination that prisoner's conviction under Section 924(c) was disqualifying for CARES Act relief). Gould therefore fails to establish that the BOP's determination regarding home confinement runs afoul of its discretionary authority under 18 U.S.C. § 3624(c).

6

Accordingly, the Court **ORDERS** as follows:

1. Gould's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

This 10th day of April, 2023.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\PSO Orders\Gould 0-23-41 Memorandum.docx